KYLE'S ADM'R.
&c.
vs
FAUNTLEROY'S.
ADM'R.

---

CHANCERY. **Kyle's Administrator &c., vs Fauntleroy's Administrator,**

Case 137.                ERROR TO THE MERCER CIRCUIT.

*Vendor and Vendee. Warranty. Costs.*

[June 23.          CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Where the war rantor in a deed of conveyance is

THE discovery of assets, the necessity of subjecting the real estate of the deceased warrantor, and the non residence of most of the heirs, form a sufficient founda-

tion for the jurisdiction of a Court of Equity, to give relief for a breach of the warranty, contained in the ancestors deed. Whether the breach occurred before or after his death, and as there was a breach before the death of the covenantor, his administrator is entitled to sue for and recover the damages, or compensation which will of course be assets.

The failure to produce any conveyance of title from the Commonwealth, or her grantee,. to Kyle—the admission by such of his representatives as are before the Court, that such a conveyance cannot be found, and the evidence of a witness to the same effect, are deemed sufficient to establish against all the heirs of Kyle, his want of title, and the ejectment brought by his grantee, Fauntleroy, was a sufficient test of the right to the land, as then existing, and the record is evidence at least,. against those heirs who aided in carrying on the action that there was no title under Kyle's deed.

Then the question is, what should be the criterion of recovery? Kyle's deed and warranty were made in 1807, and whether he had title or not, there was no obstruction to the use of the land by Fauntleroy, for more than 30 years, and he did in fact make such use of it under the deed as he deemed proper. If this use did not amount to a possession, and a taking of the annual profit, there was nothing to prevent such enjoyment.

Nor does it certainly appear in this record what was the extent of the use or profit actually made.

It may be assumed, however, that even without cultivating the land, which was in the vicinity of his residence, he might have derived a profit from it at least equal to the interest on $100, which was the price.

The bill states that he purchased it for the timber and wood. He of course deemed its annual use or value for this purpose equivalent to the use of the money paid for the land. And so long as he had this use without disturbance, or the right of disturbance by any one, we think there is no equitable claim for interest on the purchase money, as part of the damages recoverable on the warranty. *Cogswell's Heirs* vs *Lyon* (3. *J. J. Mar.* 38.) And it is not material to enquire whether the ac-

dead, the non-residence of part of the heirs and the necessity of subjecting real estate descended to satisfy the damages resulting from a breach of warranty and the discovery of assets is a sufficient ground for going into chancery.

A vendee by deed. was permitted to enjoy land purchased, when there was no legal title outstanding by which he could be ejected, a title was acquired by patent and he evicted.——Held that the vendor was not liable for interest on

Kyle's adm'r.
&c.
*vs*
Fauntleroy's
adm'r.

the considera-
tion money, but
from the date of
the patent by
which he was
evicted.

tual advantage derived from the land, was equal to the annual interest, since he might have used it as he pleased. According to these principles, interest should not have been charged for any period preceeding the date of the patent to Bridges, 15th May, 1838, under which the grantee acquired the right of possession, and by himself, or vendees, or their lessors, actually took it, and might have recovered the mesne profits from Fauntleroy, from the date of the patent, if he had been in actual possession, and had received the profits, issues, &c. Prior to the issuing of this patent, it would seem that there had been no patent on the land, or the greater part of it. If there had been a patent, Fauntleroy might by his possession have acquired title, and his loss might perhaps, have been attributed to his failure to take such possession, as would have thus operated, if, in fact, he did not take it. But there being no patent to any one, his possession even for 30 years did not give title. According to the view taken in this opinion, he was not entitled to interest, while he could not be disturbed in in the use of the land, and, as he was not liable to any one for rents, or waste, until the issuing of the patent, the injury said to have been done to the land, estimated at $10, should not be charged against him or his ad-

A vendee with
the concurrence
of his vendor,
brought eject-
ment for an in-
trusion upon the
land sold.—Held
that in a suit up-
on the warranty,
the costs were
properly adjudg-
ed to the vendee
against the ven-
dor's heirs and
adm'r.

ministrator. But we see no objection to his recovering the legal costs of the action of Ejectment, which he brought with the concurrence, and by the advice of Kyle's representatives. The execution for the costs recovered by the defendant, in the Ejectment is sufficient evidence of the amount, and the taxation of the plaintiffs costs on that record, is also sufficient to show the amount.

There was no error therefore, as to these matters; but for the error of decreeing interest from the date of Kyle's deed, the decree is erroneous.

It is therefore ordered and decreed that said decree be *reversed*, and cause remanded with directions to render a decree in conformity with this opinion: Which is ordered to be certified to said Court.

*J. &. W. L. Harlan* for plaintiff; *Daviss & Taylor Trapnell & Poston* for defendants.